**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4267**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES EVERETT HOVIS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. John Preston Bailey, District Judge. (2:10-cr-00024-JPB-MJA-1)

_____

Submitted: September 22, 2016    Decided: October 28, 2016

_____

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles T. Berry, Fairmont, West Virginia, for Appellant. Stephen Donald Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Everett Hovis appeals from the district court's judgment revoking his supervised release and sentencing him to seven months' imprisonment. Hovis' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing that, in his view, there are no meritorious grounds for appeal but questioning whether Hovis received ineffective assistance of counsel. We affirm.

Hovis contends that his counsel rendered ineffective assistance during his revocation proceedings by convincing him to admit that he violated the terms of supervised release by failing to notify the probation officer of a change of address and to report for drug testing, which ultimately led to the revocation of his supervised release. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (providing standard). Instead, such claims are more properly raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit adequate development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of

counsel, we conclude that Hovis' claim should be raised, if at all, in a § 2255 motion.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. This court requires that counsel inform Hovis, in writing, of the right to petition the Supreme Court of the United States for further review. If Hovis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hovis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>